PEDRO TORO RODRÍGUEZ, Plaintiff and Appellee, *v.* ARQUÍMI-
DES MOJICA RODRÍGUEZ, Defendant and Appellant. THE
SAME, Plaintiff and Appellee, *v.* EMETERIO MOJICA VA-
LENTÍN ET UX., Defendants and Appellants.

Nos. 11508 and 11509.   Argued May 9, 1955.—Decided September 5, 1956.

*Yamil Galib Frangie* for appellants. *Ildefonso Freyre* for appellee.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

This action was commenced with the filing of two complaints in which Pedro Toro, *without requesting the eviction of defendants*, claimed dominion title by accession to two houses belonging to the latter. Plaintiff is the owner of two adjoining lots which he leased to the defendants under contracts for an indefinite term, the rental being paid at the end of each month. The defendants erected on the said lots the two dwelling houses in question, with the owner's consent, a few years prior to the filing of the complaints in this case.

Pedro Toro alleged, briefly, (1) that he had terminated the lease contracts on those lots; (2) that he claimed by accession the title to the two houses erected thereon by the defendants; and (3) that the price of the materials and labor used in the construction of the houses was $6,400, which he offered to pay the defendants. The latter, in turn, denied in their answer that that was the fair and reasonable price, alleging on the contrary that it was $16,500 in all. Also, by way of defense, both alleged (1) that the lease contract "has not expired and is at present in full force and effect," and (2) that "plaintiff does not prosecute in good faith the present action of accession, but is moved by a desire to increase the rental of the lot . . . in excess of the sum authorized by law." The trial on the merits was held in the Mayagüez Part of the Superior Court, which finally rendered judgment sustaining the complaints, without ordering the eviction of defendants, but fixing the price to be paid for the houses at $8,164.76.

The appeal taken by the defendants alleges that the lower court erred, *first*, in weighing the evidence, in determining that, as a question of fact, the lease contracts had terminated on the date when the complaints of accession were filed in this case; and, *second*, as a question of law, in holding that the lease of a lot may be deemed to be terminated without complying with the requirements prescribed by § 12-A of the Reasonable Rents Act (17 L.P.R.A. § 193), provided the sole purpose is to acquire dominion title by accession to the houses standing thereon, and the judgment does not order the eviction of the occupants. In our opinion, both assignments of error are without merit.

██ In the first place, we are concerned here with a month-to-month lease contract, according to which the parties may terminate the lease at the end of any month without the necessity of special notice. Section 1471 of the Civil Code (1930 ed.), 31 L.P.R.A. § 4092; *Roselló Hnos.* v. *Figueroa*, 74 P.R.R. 403, 413 (1953). There is nothing in the record on which we can set aside the finding of fact of the lower court, based on the oral testimony offered at the trial, to the effect that on July 1, 1953, plaintiff "notified the defendants that he did not wish to continue the leases, refusing henceforth to accept the monthly payments due, and then proceeded . . . to file on July 15, 1953, the present accession complaints." See Rule 52 of the Rules of Civil Procedure, 32 L.P.R.A. App. R. 52; *Cf. Carrión* v. *Treasurer of P. R., ante*, p. 350.

██ Naturally, the right of accession may be asserted ". . . when the builder in good faith constructs on another's land without a lease of the lot or in case there is one, when for any reason the lease has terminated." *García* v. *Stella*, 69 P.R.R. 911, 912 (1949). And, in applying this doctrine, it was definitively established in *Berrocal* v. *District Court*, 76 P.R.R. 35, 38 (1954), that ". . . a person who builds on a leased lot *with the consent of the owner* is a builder in

good faith. . . ." [1]   On the other hand, according to §§ 297, 382, and 383 of the Civil Code (31 L.P.R.A. §§ 1164, 1468, and 1469), the owner of a lot on which a person has built in good faith, upon exercising his right of accession, may choose to pay the necessary and useful expenditures incurred by the possessor, or the increase in value which the lot has acquired by reason of such expenditures. In the instant case, plaintiff chose to pay the useful and necessary expenditures, namely, the cost of the materials and labor used in the construction of the houses (without depreciation), according to the prevailing situation when the structures were built. See *Viera* v. *Arizmendi,* 74 P.R.R. 36 (1952).

It is a well-established doctrine that a complaint to enforce accession "serves a dual purpose: first, to obtain title of ownership of the house; second, to obtain possession thereof (by evicting the former owner)." *García* v. *Stella, supra,* at 913; *Rodríguez* v. *District Court,* 68 P.R.R. 904, 906 (1948); *Mattei* v. *Santana,* 68 P.R.R. 821, 822 (1948); *Branizar* v. *Méndez,* 68 P.R.R. 748, 751 (1948); *Figueroa* v. *Rodríguez,* 68 P.R.R. 248, 253 (1948). The question of the eviction of the defendants was expressly waived by plaintiff, and, furthermore, the judgment did not order that either the lots or the houses be vacated. Therefore, we are not concerned with the Reasonable Rents Act, which applies only to a situation in which the eviction or ejectment of the tenant is sought or ordered. In fact, although the extension of the lease contract is compulsory for the lessor, both as to dwellings and business premises and lots "whereon buildings belonging to an owner other than the owner of the lot are erected" § 12, (17 L.P.R.A. § 192), such involuntary extension is limited by § 12-A (17 L.P.R.A. § 193) to those

---

[1] This doctrine was not altered in *Marchand* v. *Montes,* 78 P.R.R. 123 (1955). In that case the buildings were not erected with the consent of the owner of the leased lot, or with his "knowledge and forbearance" (p. 130). Hence, the judgment declaring inapplicable to that case § 297 *et seq.* of the Civil Code, which deal with the right of accession.

cases in which the lessor wishes to refuse the extension in order "to commence unlawful detainer proceedings," or the ejectment brought about by the action of accession.[2] Therefore, even without complying with the requirements of § 12-A (which provides the exceptional grounds on which the extension may be refused for the purpose of evicting or ejecting the tenant), the owner of a leased lot may refuse to extend the contract in order to obtain the resolution of the contract for the sole purpose of claiming dominion title by accession of a structure erected on the lot with his consent. It is clear that the eviction of the possessor as a result of the action of accession may never be carried out except in the cases provided by § 12-A. *Cf. Rodríguez v. Municipal Court and Ramos,* 74 P.R.R. 616, 622 (1953). But this last question need not be litigated within the accession proceeding if the owner of the lot expressly waives eviction by order of the court: the judgment may then be confined to a pronouncement regarding the dominion title to the property. This is what happened in the case at bar, and, therefore, the "good faith" of the owner of the lot in prosecuting the present action of accession against the defendants plays no role here. *Figueroa v. Rodríguez, supra,* at p. 254; *Rodríguez v. District Court, supra,* at p. 906 (1948); and

---

[2] Section 12-H of the Act (17 L.P.R.A. § 200) provides that: "The involuntary extension prescribed . . . may not be evaded by action to recover possession, nor by injunction or accession proceedings, nor by any other action *that may finally bring about the ejectment of the tenant* . . ." (Italics ours.) This confirms our conclusion that the Reasonable Rents Act is not applicable when the question of dominion title of a property is the only question raised and to be decided in the action of accession. On the other hand, in order to comply with the provisions of § 12-H *supra* and with the other provisions of the Reasonable Rents Act, once the owner of the lots ultimately acquires dominion title to the houses by accession, the Administrator may fix the reasonable rent of each house on the basis of the cost of construction, subject to the rule that in no case shall the reasonable rent, as computed for one year, exceed 12 per cent of the cost of the work. It is well to point out that in the action of accession the Superior Court fixed the price to be paid by the owner of the lots for the houses precisely on the basis of the cost of the construction thereof. *Cf.* 17 L.P.R.A. § 186.

598

*García* v. *Stella, supra,* at p. 913. *Cf. Heirs of Pérez* v. *Gual,* 75 P.R.R. 361 (1953); *Roselló Hnos.* v. *Figueroa,* 78 P.R.R. 250 (1955); *Valentín* v. *Figueroa, ante,* p. 420.

The judgment will be affirmed.

Mr. Justice Negrón Fernández and Mr. Justice Sifre dissented.

Mr. Justice Pérez Pimentel did not participate herein.